# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ADAM MIRELEZ, § | | |
| TDCJ No. 02413581, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | A-23-CV-1112-RP | |
| § | | |
| LLANO COUNTY, TX, et. al., § | | |
| Defendants. § | | |

## ORDER

Before the Court are Plaintiff Adam Mirelez's 42 U.S.C. § 1983 complaint (ECF No. 1), Defendant Llano County's Motion to Dismiss (ECF No. 14), Defendants Llano County, Bill Blackburn, and Robert Nichols's Motion for Summary Judgment (ECF No. 34), and Plaintiff's Motion to Amend Complaint (ECF No. 40). Plaintiff is proceeding pro se and in forma pauperis. Upon review of the parties' arguments and pleadings, the Court denies Plaintiff's Motion to Amend, dismisses Defendant Llano County's Motion to Dismiss, and grants Defendants' Motion for Summary Judgment.

## I. Procedural History

Plaintiff is currently incarcerated in the Michael Unit of the Texas Department of Criminal Justice—Correctional Institutions Division (TDCJ-CID). Plaintiff names the following defendants in his complaint: Llano County, the Llano County Sheriff's Department, Llano County Sheriff Bill Blackburn; Llano County Jail Administrator Robert Nichols; and Llano County Jail Intake Officer Cody Sauer.[1] Plaintiff alleges that, on September 9, 2021, he was the victim of police brutality and excessive force that resulted in his femur being broken. However, despite his obvious pain and

---

[1] Plaintiff originally identified the Llano County Jail Intake Officer as "Jane Doe." (ECF No. 1 at 3.) Upon the Court's order, the Sheriff of Llano County identified the intake officer as Cody Sauer, and the Court substituted Sauer as a named defendant. (ECF No. 17.)

injury, his complaints were ignored during his car ride to the Llano County Jail. He further alleges that, during his book-in procedure, he told the intake officer he was in pain and needed medical attention, but the intake officer ignored him. Plaintiff alleges that, on September 13, 2021, he was taken to the emergency room where x-rays revealed he had a broken femur and was in need of immediate surgery. However, he was transported back to Llano County Jail where his medical needs and pain were again ignored. Plaintiff returned to the hospital on September 28 and had surgery on September 29, 2021. Plaintiff was supposed to have physical therapy beginning two weeks after surgery, but, again, his needs were ignored. In November 2021, Plaintiff developed an infection in his leg that required further hospitalization; because of this, Plaintiff did not start physical therapy until December 2021. He now cannot walk without using a walker and suffers from chronic pain and mental anguish as a result of Defendants' negligence and deliberate indifference. He seeks monetary damages. (ECF No. 1.)

The Court ordered service on Defendants Llano County, Blackburn, and Nichols.[2] (ECF No. 16.) Defendant Llano County first filed a motion to dismiss, arguing Plaintiff had failed to state a claim against them for municipal liability under § 1983. (ECF No. 14.) Llano County then joined Defendants Blackburn and Nichols's motion for summary judgment, which argues that (1) Blackburn and Nichols are entitled to qualified immunity because Plaintiff cannot establish they were deliberately indifferent to his serious medical needs or that they violated clearly established law, and (2) Plaintiff has failed to establish either supervisory or municipal liability under § 1983. (ECF No. 34.) On April 26, 2024, the Court ordered Plaintiff to file a response to Defendants'

---

[2] The Court did not serve the Llano County Sheriff Department because it is not an entity capable of being sued. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 314 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action). The Court twice attempted service on Cody Sauer but was unsuccessful. (ECF Nos. 18, 23-26). The Court then ordered Plaintiff to provide an address for Sauer (ECF No. 28), but Plaintiff failed to do so. As a result, Plaintiff's complaint against Cody Sauer must be dismissed without prejudice for failure to effect proper service. *See* FED. R. CIV. P. 4(m).

motion for summary judgment by May 28, 2024, and provided Plaintiff with a short explanation of the standard for summary judgment. (ECF No. 38.) On May 31, 2023, Plaintiff moved for an extension of time to respond to Defendants' motion, which the Court granted, allowing him until July 8, 2024, to file a response. Plaintiff then filed a motion to amend his complaint on June 17, 2024, submitting an amended complaint where he only names Llano County, Blackburn, and Nichols as defendants and generally restates his complaint allegations, specifically adding that Blackburn and Nichols refused to give him medical attention they knew he needed. (ECF No. 40.) To date, Plaintiff has not responded to Defendants' motion for summary judgment.

## II. Discussion and Analysis

1. Motion to Amend

Plaintiff moves to amend his complaint to remove the Llano County Sheriff's Department and Cody Sauer as defendants and alleging that, while in Llano County's custody, "Sheriff Bill Blackburn and Jail Administrator Robert Nichols refused to get me the medical attention they knew I needed, which violate[d] my constitutional rights." (ECF No. 40-1 at 4.)

Federal Rule of Civil Procedure 15(a) states that the Court should "freely give leave [to amend] when justice so requires." The party requesting leave to amend "need only 'set forth with particularity the grounds for the amendment and the relief sought.'" *U.S. ex. rel. Doe v. Dow Chemical Co.*, 343 F.3d 325, 331 (5th Cir. 2003) (quoting *United States, ex. rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 386-87 (5th Cir. 2003)). The Supreme Court has enumerated "five considerations in determining whether to deny leave to amend a complaint: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment.'" *Rosenzweig v. Azurix Corp.*,

332 F.3d 854, 864 (5th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Absent such factors, the leave sought should, as the rules require, be freely given." *Id*. (internal quotation marks omitted).

Plaintiff's motion to amend is denied based on futility. He does not add any new or substantively different allegations from his original complaint, nor does he identify any Llano County official policy or custom that was a moving force behind the alleged violation of his constitutional rights. As such, the amended complaint fails to state a claim for relief against Llano County. *See Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001) ("municipal liability under Section 1983 requires proof of three elements: a policy maker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom.") *(citing Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978)). Further, Plaintiff's allegations against Blackburn and Nichols in his amended complaint are conclusory and therefore also fail to state a claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (to avoid dismissal for failure to state a claim, a plaintiff must allege facts sufficient to "raise the right to relief above the speculative level"; "labels and conclusions" or the "formulaic recitation of the elements of a cause of action" are insufficient). Accordingly, Plaintiff's motion to amend is denied as futile. *See Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (a district court need not grant a futile motion to amend; an amended is considered futile if it would fail to state a claim upon which relief could be granted) (citing *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)).

2. Motion for Summary Judgment

   *a. Summary Judgment & Qualified Immunity Legal Standards*

A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as

a matter of law. *See Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). When a motion for summary judgment is made and supported, an adverse party may not rest upon allegations or denials but must set forth specific facts showing there is a genuine issue for trial. *See* FED. R. CIV. P. 56; *Ray v. Tandem Computers, Inc.*, 63 F.3d 429, 433 (5th Cir. 1995).

Both movants and non-movants bear burdens of proof in the summary judgment process. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. *Id.* at 322. The moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. *Id.* at 323-24. At that point, the burden shifts to the non-moving party to "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. The non-moving party cannot rely on general allegations but must produce "specific facts" showing a genuine issue for trial. *Tubacex v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court views the evidence in the light most favorable to the party opposing summary judgment and indulges all reasonable inferences in their favor. *See James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990). However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Luna v. Davis*, 59 F.4th 713, 715 (5th Cir. 2023) (quoting *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2023)).

"A qualified immunity defense alters the usual summary judgment burden of proof." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). A government official performing a

5

discretionary function is shielded from liability for civil damages so long as his actions do not violate a clearly established right of which a reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Once an official pleads the defense, the burden then shifts to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Brown*, 623 F.3d at 253. "An officer merits qualified immunity unless (1) he 'violated a statutory or constitutional right of the plaintiff' and (2) 'the right was clearly established at the time of the violation.'" *Wilson v. City of Bastrop*, 26 F.4th 709, 712 (5th Cir. 2022) (quoting *Dyer v. Houston*, 964 F.3d 374, 380 (5th Cir. 2020). When considering a qualified immunity defense, the Court still views the evidence in the light most favorable to the non-movant and draws all inferences in the non-movant's favor, *see Rosado v. Deters*, 5 F.3d 119, 122-23 (5th Cir. 1993), and cannot make credibility determinations or weigh the evidence, *see Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)

   b. Summary Judgment Evidence

   The undisputed summary judgment evidence shows the following. On September 9, 2021, Plaintiff was arrested for aggravated assault with a deadly weapon and violating parole. Plaintiff initially refused to leave his residence when Llano County Sheriff's Office (LCSO) deputies attempted to arrest him. Based on information that Plaintiff had two handguns in his possession and his statement that he would not go back to prison, Llano County requested the assistance of the Williamson County Sheriff's Office (WCSO) SWAT team and crisis negotiators. Over the course of an hour, WCSO crisis negotiators convinced Plaintiff to surrender peacefully. Plaintiff initially complied with directions as he walked toward the SWAT team until he neared a trampoline, at which point he dropped his arms, turned away from the SWAT team, and gripped onto the trampoline. The SWAT team ordered him several times to walk towards them; when

Plaintiff did not comply, a SWAT team member shot him twice in the right leg with stabilized bean bag rounds. Plaintiff fell to the ground was placed in handcuffs.[3]

WCSO Lieutenant Rickey Colley, who was the SWAT team member who ordered Plaintiff to be shot with the stabilized bean bag rounds, attested that Plaintiff was seen by a SWAT Emergency Medical Technician after he was restrained. The examination revealed two impact bruises but no skin penetration or other injury. Further, based on Colley's experience as a certified SWAT instructor, the marks on Plaintiff's leg "were consistent with an appropriately deployed bean bag round and were not suggestive of any further injury." (ECF No. 34-5 at 3.)

LCSO Deputy Ryan Tubbs attested that Plaintiff's leg was treated with an ice pack and a bandage to hold it in place. Plaintiff was then placed in Tubbs's patrol car for transport to the Llano County Jail. During the drive, Tubbs states Plaintiff was "groaning and wincing" and said his leg was broken. Tubbs stated that, in his experience, it was common for suspects to exaggerate their injuries or pain; as a result, he relies on the advice of the medical professionals who have evaluated and treated them. Based on Plaintiff's complaints, Tubbs called ahead to the jail to order a wheelchair for Plaintiff because he was having difficulty walking. Once they arrived at the jail, Plaintiff appeared to have trouble exiting the car and again complained that his leg hurt. Jail staff commented that he should be checked out medically, and Tubbs confirmed that Plaintiff had been seen by medical staff at the scene and cleared. Plaintiff then stated his leg was broken and he needed to go to the hospital; Tubbs explained to jail staff that he had been hit on the kneecap by a beanbag, which explained the pain, but that he had seen Plaintiff lifting and moving his leg in the car. Eventually Plaintiff exited the car, got into the wheelchair, and entered the jail for booking. (ECF No. 34-6 at 2-3.)

---

[3] This is a brief summary of Plaintiff's arrest as recounted in the Court's order granting summary judgment in *Mirelez v. Llano Cnty.*, No. 1:23-cv-1117 (W.D. Tex.).

There are no medical records in the summary judgment record between September 9, 2021, when Plaintiff was arrested and twice shot with bean bag rounds, and October 11, 2021, when Plaintiff was hospitalized at South Austin Medical Center (SAMC) due to an infection. LCSO Administrative Assistant Donna Roberts certified the medical records submitted by Defendants and attested that "[a]fter [Plaintiff] was booked into the Llano County Jail on September 9, 2021, he never sought medial attention regarding the injury to his leg/knee until September 16, 2021. Once [Plaintiff] complained, he was transported to [Baylor] Scott and White Hospital in Marble Falls for evaluation and treatment." (ECF No. 34-10 at 4.)

On October 11, 2021, Plaintiff was admitted to SAMC. The medical provider who first encountered Plaintiff noted Plaintiff's self-reported medical history as follows: On September 9, 2021, he is struck in the thigh by rubber bullets. On September 16, a "supracondylar fracture identified, repaired (Marble Falls?)." On October 7, Plaintiff develops fever and chills and is seen by a surgeon who prescribes Bactrin; he returns to jail. On October 8, Plaintiff reports additional pain; he goes to an emergency department but is sent back to jail where the infirmary reports "purulent" drainage. On October 10, Plaintiff goes to the Baylor Scott & White (BSW) Emergency Department where his wound is potentially growing MRSA.[4] On October 11, Plaintiff is evaluated by BSW Orthopedics where the decision is made to transfer him to SAMC. (ECF No. 34-11 at 2.) At SAMC, Plaintiff is assessed with a wound infection and treated with Vancomycin/Zosyn. (*Id*. at 4.) A different SAMC medical provider reports that Plaintiff's surgery was not performed until September 28, 2021. (*Id*. at 4.)

---

[4] MRSA stands for Methicillin-resistant Staphylococcus aureus, a type of bacterial infection that is resistant to many antibiotics. *See MRSA infection*, https://www.mayoclinic.org/diseases-conditions/mrsa/symptoms-causes/syc-20375336 (last visited Sept. 19, 2024).

On October 12, orthopedic surgeon Dr. Fox examines Plaintiff and reports he is responding to intravenous antibiotics and there is no need for further surgical intervention. (*Id*. at 21.) Plaintiff is discharged from the hospital on October 14, 2021; on the discharge papers, he reports "feeling better overall" and requests a brace for his knee. The discharge orders note that both Trauma and Orthopedics said there was no need for a brace at that time. (*Id*. at 25.)

Plaintiff had a follow-up appointment on October 18 (*id*. at 19), and then began physical therapy starting November 16 (*id*. at 21). It is unclear how many physical therapy appointment Plaintiff attended; however, Defendants submitted calendar invitations for six appointments between January 24, 2022, and March 8, 2022. (*Id*. at 25, 27, 29, 31, 35, 37.) Plaintiff also had a follow-up appointment on December 27, 2021 (*id*. at 23) and was scheduled for a CT scan on February 8, 2021 (*id*. at 33).

On March 7, 2022, Plaintiff posted bail for his September 9, 2021, arrest. (*Id*. at 39.) Plaintiff was arrested again on April 5, 2022, for one count of aggravated assault with a deadly weapon and two counts of unlawful possession of a firearm. (*Id*. at 43-44.) After he returns to the Llano County Jail, Plaintiff has a consultation with Dr. Fox on April 15, 2022 (*id*. at 46) and another surgery is scheduled for July 1, 2022 (*id*. at 48-54). Donna Roberts attests that Plaintiff was released from custody on June 23, 2022, and then arrested and booked in Llano County Jail on July 6, 2022. (*Id*. at 4.) During a July 12, 2022, medical intake interview, Plaintiff states that he did not see a medical provider while he was out of jail on bond. (*Id*. at 57.)

On August 23, 2022, Plaintiff submitted a medical request form, asking to see a doctor about pain in his right leg and in order to have a cane put on his medical record. (*Id*. at 63.) On August 24, 2022, Plaintiff was convicted of unlawful possession of a firearm by a felon and sentenced to 40 years imprisonment. (*Id.* at 75-76.)

Plaintiff was again scheduled for a hardware removal surgery with Dr. Fox on October 4, 2022. (ECF Nos. 34-10 at 69-73; 34-12.) However, the surgery was cancelled because Plaintiff was being transferred to TDCJ-CID. (ECF No. 34-10 at 69-73.) Plaintiff was released from the custody of Llano County Jail on October 7, 2022. (*Id*. at 79.)

*c. Deliberate Indifference Claim: Defendants Blackburn and Nichols*

Plaintiff claims Defendants Blackburn and Nichols were deliberately indifferent to his serious medical needs, i.e., his broken femur bone, while he was a pretrial detainee in the Llano County Jail. The Eighth Amendment ensures the safety of convicted prisoners while due process under the Fourteenth Amendment protects pretrial detainees. *See Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). "Fourteenth Amendment case law concerning pretrial detainees [is based] on the Supreme Court's Eighth Amendment precedent concerning prisoners." *Garza v. City of Donna*, 922 F.3d 626, 634 (5th Cir. 2019) (citing *Hare*, 74 F.3d at 634-44). A pretrial detainee's Fourteenth Amendment rights include the right to medical care. *See Sanchez v. Young Cnty., Tex.*, 866 F.3d 274, 279 (5th Cir. 2017). Because the standard is essentially the same for both pretrial detainees and postconviction prisoners, cases applying the Eighth Amendment remain relevant to the Court's analysis of Petitioner's claim.

To establish deliberate indifference regarding his medical care, Plaintiff must show "that a prison official 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006) (quoting *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). For constitutional claims brought by pretrial detainees, the Court first determines whether the claim concerns a "condition of confinement" or an "episodic act of omission." *Olabisiomotosho v. City of Houston*, 185 F.3d 521,

526 (5th Cir. 1999). Because Plaintiff claims that Defendants failed to provide him with timely, effective medical care, it fits into the episodic act or omission category. *Id.* To succeed on an such a claim, Plaintiff must show that Defendants acted with subjective deliberate indifference to his constitutional rights, meaning "the official had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk." *Id.* (quotation omitted). However, "[a]ctions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference." *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (citations omitted).

The summary judgment evidence before the Court supports Defendants' argument that they are entitled to qualified immunity. The evidence shows that, after Plaintiff was shot in the lower right quadricep/knee with stabilized bean bags, he was treated at the scene by EMS and cleared to be booked into jail. Deputy Tubbs attested Plaintiff complained of leg pain and said his leg was broken on the ride to the Llano County Jail, but Tubbs noted he had moved his leg in the car and had been cleared by EMS at the scene. After Plaintiff is booked into the Llano County Jail, Donna Roberts attested that he did not seek medical attention for his leg until September 16, 2021. At that point he was taken to the Baylor Scott and White Hospital in Marble Falls for medical evaluation and treatment. According to Plaintiff, his leg was surgically repaired sometime on September 28 or 29, 2021. When his injury became infected, he was taken to the hospital on October 7, 8, and 10, until he was finally transferred to SAMC in Austin, Texas. He was hospitalized for three nights, and then discharged back to the Llano County Jail. Between October 14, 2021, and March 7, 2022, Plaintiff has two follow-up appointments, a CT scan, and at least six physical therapy appointments. After he is arrested again in April, staff at the Llano County Jail schedule him for a second surgery in July 2022. Plaintiff is again released, however, and does not seek medical care

11

while he is out of jail. When he is rebooked, he is again scheduled for surgery, which is only cancelled after he is convicted of being a felon in possession and transferred to TDCJ-CID in October, 2022.

Plaintiff does not dispute any of these facts. In order to show that Defendants Blackburn and Nichols violated his constitutional rights, he must show they were aware of a substantial risk of serious harm to Plaintiff but were deliberately indifferent to that risk, i.e., showed wanton disregard for Plaintiff's injured leg. There is nothing in the record that supports such a conclusion. At no point does Plaintiff state how Blackburn or Nichols were personally involved in his medical treatment at Llano County Jail. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action"). Further, Donna Roberts attested that he did not complain about his leg until September 16, 2021, when he was seen at a medical facility for evaluation and treatment of it. It is unclear why it took an additional 12-13 days for Plaintiff's broken femur to be surgically repaired, but again, it is Plaintiff's burden to show that Defendants intentionally delayed his surgery, and he has failed to do so. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 544 (5th Cir. 2005) (absence of evidence for non-movant's claim is proper basis for granting summary judgment). Further, once his leg began showing signs of infection, Plaintiff received prompt and effective medical care; afterward, he was transported to follow-up appointments, physical therapy, and scheduled for hardware-removal surgery.

Plaintiff has failed to create a genuine issue of material fact over whether Blackburn and Nichols were deliberately indifferent to his serious medical needs. As a result, Defendants Blackburn and Nichols are entitled to qualified immunity and their motion for summary judgment is granted.

*d. Deliberate Indifference Claim: Defendant Llano County*

Plaintiff also alleges that Llano County violated his constitutional rights because they failed to provide proper medical care to a prisoner within their jurisdictional boundaries. Municipal liability under § 1983 requires proof of three elements: (1) a policymaker; (2) an official policy or custom; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *See Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003). In the case of a pretrial detainee's episodic act or omission claim against a municipality, "the plaintiff must demonstrate a municipal employee's subjective indifference and additionally that the municipal employee's act 'resulted from a municipal policy or custom adopted or maintained with objective deliberate indifference to the [plaintiff]'s constitutional rights.'" *Olabisiomotosho*, 185 F.3d at 526 (quoting *Hare*, 74 F.3d at 649 n.14)). An official policy "usually exists in the form of written policy statements, ordinances, or regulations, but it may also arise in the form of a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009) (internal quotations omitted).

Plaintiff fails to identify any Llano County policy or custom that was the moving force behind his allegedly unconstitutional medical care. He also fails to identify a municipal employee who was enforcing that policy or custom; again, his allegations against Blackburn and Nichols are too conclusory to establish their personal involvement in any alleged constitutional violation. Accordingly, Plaintiff has failed to state a claim for relief against Defendant Llano County and its motion for summary judgement is granted.

It is therefore **ORDERED** that Plaintiff's Motion to Amend Complaint (ECF No. 40) is **DENIED**;

It is further **ORDERED** that Plaintiff's claims against Defendant Llano County Sheriff's Department are **DISMISSED WITHOUT PREJUDICE** as it is not an entity capable of being sued;

It if further **ORDERED** that Plaintiff's claims against Cody Sauer are **DISMISSED WITHOUT PREJUDICE** for failure to serve Mr. Sauer in accordance with Federal Rule of Civil Procedure 4(m);

It is further **ORDERED** that Defendant Llano County's Motion to Dismiss (ECF No. 14) is **DISMISSED**; and

It is finally **ORDERED** that Defendants Llano County, Bill Blackburn, and Robert Nichols's Motion for Summary Judgment (ECF No. 34) is **GRANTED**.

**SIGNED** this 23rd day of September, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE